IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

OZELIA HICKS, JR.,

    Plaintiff,

v.                                         Civil Action No. 3:18CV226

LEAH A. DARRON,

    Defendant.

**MEMORANDUM OPINION**

By Memorandum Order entered on April 18, 2018, the Court conditionally docketed this action. At that time, the Court directed Ozelia Hicks, Jr. to submit a statement under oath or penalty of perjury that:

    (A) Identifies the nature of the action;
    (B) States his belief that he is entitled to relief;
    (C) Avers that he is unable to prepay fees or give security therefor; and,
    (D) Includes a statement of the assets he possesses.

See 28 U.S.C. § 1915(a)(1). The Court provided Hicks with an in forma pauperis affidavit form for this purpose.

Additionally, the Court directed Hicks to affirm his intention to pay the full filing fee by signing and returning a consent to the collection of fees form. The Court warned Hicks that a failure to comply with either of the above directives within thirty (30) days of the date of entry thereof would result in summary dismissal of the action.

Hicks has not complied with the order of this Court. Hicks failed to return the in forma pauperis affidavit and the consent to collection of fees form.[1] As a result, he does not qualify for in forma pauperis status. Furthermore, he has not paid the statutory filing fee for the instant action. See 28 U.S.C. § 1914(a). Such conduct demonstrates a willful failure to prosecute. See Fed. R. Civ. P. 41(b). Accordingly, this action will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to Hicks.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: June 5, 2018
Richmond, Virginia

---

[1] Instead of following the Court's directives, Hicks wrote a letter to the Court indicating that he had already returned forms in a different case and asking for "a receipt/response as to [this] newly generated case" because he was "confused as to if this is deliberate or inadvertent." (Letter 1, ECF No. 4.) The Court will not provide legal advice, interpret its orders, or discuss its orders with Hicks. To the extent that this case is a duplicate of a previously filed case, for the reasons stated above, it will be dismissed without prejudice.